UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

FILED
AUG 2 2 2022
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT. WESTERN DIST. OKLA.
BY_____, DEPUTY

| | |
|---|---|
| In the matter of the entire work site at or near<br><br>129 W. Gray Street<br>Norman, Oklahoma 73069<br><br>under the control or custody of<br>U.S. Postal Service | )<br>)<br>)  Inspection Warrant<br>)<br>)  Docket No. 22-MJ-609STE<br>)<br>)<br>)<br>) |

### REQUEST FOR INSPECTION WARRANT UNDER THE OCCUPATIONAL SAFETY AND HEALTH ACT OF 1970

TO:   UNITED STATES MAGISTRATE JUDGE

Attached hereto is a proposed affidavit of Sandy Swearngin, Compliance Safety and Health Officer, Occupational Safety and Health Administration (hereinafter referred to as "OSHA"), United States Department of Labor, Oklahoma City Area Office.

1.   I have read the affidavit of Sandy Swearngin, and to the best of my knowledge and information the affidavit shows reason to believe the employer for whom the inspection warrant is sought is engaged in a business affecting commerce, is within the jurisdiction of the Occupational Safety and Health Act of 1970, 29 U.S.C.§§ 651 et seq. (hereinafter referred to as the "Act"), is failing presently to furnish to each of its employees employment and a place of employment, which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to said employees, was selected for inspection based on a complaint of heat-related hazards, and has refused to consent to an inspection without a warrant.

2.   The authority for issuance of the administrative search warrant is Section 8(a) of the Act, 29 U.S.C. § 657(a), and *Marshall v. Barlow's, Inc.*, 436 U.S. 307 (1978).

FILED

AUG 22 2022

CARMELITA REEDER SHINN, CLERK
U.S. DIST COURT WESTERN DIST. OKLA.
BY_____ DEPUTY

3. Sections 8(a)(1) and 8(a)(2) of the Act, 29 U.S.C. §§ 657(a)(1) and 657(a)(2), specifically authorize the Secretary of Labor to make inspections and investigations at any reasonable time, at any plant, factory, establishment, site, or other area, workplace or environment where work is performed by an employee of any employer.

4. When the proposed affidavit has been properly sworn to and subscribed to in your presence, we request that you issue an Inspection Warrant authorizing the Area Director, Supervisor or any duly appointed Compliance Officer to enter the workplace described below for the purpose of conducting a complaint inspection.

5. The inspection shall begin within ten (10) days and shall be conducted and finished within a reasonable time. The inspection shall be conducted during regular working hours and at other reasonable times, within reasonable limits and in a reasonable manner. The inspection shall extend to all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials necessary to effectuate its purpose. The compliance personnel shall be permitted to question privately any employer, owner, operator, agent or employee, as authorized by 29 U.S.C. § 657(a)(2).

6. The inspection and investigation shall include review of all relevant records, files, and papers, and will be conducted during regular working hours or at other reasonable times, within reasonable limits, and in a reasonable manner, including the questioning privately of any employee or agent, and the taking of photographs, videotapes, environmental samples of the work area (including the use of personal sampling equipment), and measurements when necessary.

7. The compliance personnel shall also be permitted to affix to employees of said employer such testing and/or sampling equipment as is reasonably necessary to effectuate the

purpose of the inspection and to conduct such other testing and/or sampling as is reasonably necessary to effectuate same.

SCOPE OF INSPECTION:

The inspection should cover the addressed areas in the complaint items under the custody and control of U.S. Postal Services and shall extend to and include any and all employers, contractors of subcontractors located on the site, and is limited to determining the continuing existence of the following hazardous conditions and to determine whether these conditions constitute violations of the Act or regulations:

| Complaint Item | Hazardous Condition | Section of the Act or Regulation* |
|---|---|---|
| 1. Employees are not allowed to fill water bottles while on the clock. | High Heat | Section 5(a)(1) of the OSHA Act |
| 2. Employees are not allowed to fill water bottles before they go out of the office to deliver their route. | High Heat | Section 5(a)(1) of the OSHA Act |
| 3. Employees are not allowed to deviate from their route to refill drinking water bottles. | High Heat | Section 5(a)(1) of the OSHA Act |
| 4. Employees (letter carriers) are not allowed to drink water in the office or on the work room floor when casing up their routes. | High Heat | Section 5(a)(1) of the OSHA Act |
| 5. Employees are not allowed rest breaks while working in the heat. | High Heat | Section 5(a)(1) of the OSHA Act |

* The references to Section 5(a)(1) of the OSHA Act are provided as an aid to the Court only. Until an inspection is conducted, it is not possible to identify an exact standard.

3

DESCRIPTION OF WORKPLACE:

U.S. Postal Service
129 W. Gray Street
Norman, Oklahoma 73069


DATE:  August 10, 2022

Respectfully Submitted,

SEEMA NANDA
Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

CONNIE M. ACKERMANN
Deputy Regional Solicitor

Address:
U.S. Department of Labor
Office of the Solicitor
525 S. Griffin Street, Suite 501
Dallas, Texas 75202
Telephone: 972-850-3100
Facsimile: (972) 850-3101
Email: bernstein.josh@dol.gov
      Docket.dallas@dol.gov

LINDSAY A. WOFFORD
Counsel for Occupational Safety and Health

By:


/s/: Josh Bernstein
JOSH BERNSTEIN
Trial Attorney

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In the matter of the entire ) <br> work site at or near ) <br> ) <br> 129 W. Gray Street ) <br> Norman, Oklahoma 73069 ) <br> ) <br> under the control or custody of ) <br> U.S. Postal Service ) <br> ) | **Inspection Warrant** <br><br> Docket No. 22-MJ-609STE |

## AFFIDAVIT

I, Sandy Swearngin, Compliance Officer, Oklahoma City Area Office, Occupational Safety and Health Administration ("OSHA"), United States Department of Labor, hereby apply for an Inspection Warrant pursuant to Section 8(a) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq.*, § 657(a), hereinafter referred to as "the Act," for the purpose of conducting an inspection of U.S. Postal Services workplace located at 129 W. Gray Street, Norman, Oklahoma 73069, and as grounds for the issuance of said warrant, state as follows:

1. I am a duly appointed Compliance Safety and Health Officer for the Oklahoma City Area Office. It is a part of my official duties to investigate unsafe and unhealthful conditions at workplaces as authorized by the provisions of 29 U.S.C. § 657, and the regulations issued pursuant to the Act.

2. U.S. Postal Services at 129 W. Gray Street Norman, Oklahoma 73069 is engaged in the business of providing mail services under a universal service obligation. This type of industry is identified by the North American Industry Classification System ("NAICS") 491110. NAICS Code 491110 is a high hazard industry classification.

1

3. U.S. Postal Services is an employer within the meaning of Section 3(5) of the Act, 29 U.S.C. § 652(5), in that it employs employees within the meaning of Section 3(6) of the Act, 29 U.S.C. § 652(6), in a business affecting commerce, and is under and subject to the duties imposed by Section 5(a) of the Act, 29 U.S.C. § 654.

4. Sections 8(a)(1) and 8(a)(2) of the Act, 29 U.S.C. §§ 657(a)(1) and 657(a)(2), specifically authorize the Secretary of Labor to make inspections and investigations at any reasonable time, at any plant, factory, establishment, site, or other area, workplace or environment where work is performed by an employee of an employer.

5. The warrant sought is based on an employee's complaint made to the Oklahoma City Area Office of the Occupational Safety and Health Administration that was validated on June 13, 2022, that, among other things, employees are not allowed rest breaks while working in the heat, and not allowed to fill their water bottles while working. The complainant believes health hazards exist at the workplace. The complaint alleges that hazards that may violate the Act, and/or the occupational safety and health standards promulgated thereunder, exist at the workplace. The complaint was reduced to writing and was signed by the employee as required by section 8(f)(1) of the Act, 29 U.S.C. § 657(f)(1) and OSHA CPL 2.115, Complaint Policies and Procedures, at I.4.a. (hereinafter CPL 2.115). CPL 2.115 is attached as Exhibit A.

6. A copy of the complaint is attached as Exhibit B. A copy of the complaint is attached as Exhibit B. The complaint has been purged of matters which might reveal the complainant's identity as they have requested pursuant to section 8(f)(1) of the Act, 29 U.S.C. § 657(f)(1).

7. A written complaint was received from an employee of U.S. Postal Services on May 19, 2022. The compliant was placed on hold following discussion with the complainant.

2

On June 13, 2022, the complaint received final validation and was assigned to Compliance Safety and Health Officer (CSHO) Sandy Swearngin on June 13, 2022.

8. The Assistant Area Director, Carmen Martinez, has evaluated the conditions alleged in the complaint, and on the basis of this evaluation has determined that there are reasonable grounds to believe that employees are exposed to the following violations of sections 5(a)(1) of the Act, 29 U.S.C. §657(a)(1), and standards promulgated pursuant to the Act, that exist at the worksite:

| Complaint Item | Hazardous Condition | Section of the Act or Regulation* |
|---|---|---|
| Employees are not allowed to fill water bottles while on the clock. | High Heat | Section 5(a)(1) of the OSHA Act |
| Employees are not allowed to fill water bottles before they go out of the office to deliver their route. | High Heat | Section 5(a)(1) of the OSHA Act |
| Employees are not allowed to deviate from their route to refill drinking water bottles. | High Heat | Section 5(a)(1) of the OSHA Act |
| Employees (letter carriers) are not allowed to drink water in the office or on the work room floor when casing up their routes. | High Heat | Section 5(a)(1) of the OSHA Act |
| Employees are not allowed rest breaks while working in the heat. | High Heat | Section 5(a)(1) of the OSHA Act |

* The references to Section 5(a)(1) of the OSHA Act are provided as an aid to the Court only. Until an inspection is conducted, it is not possible to identify an exact standard.

9. On June 13, 2022, at around 3:00 pm, I, Compliance Officer Sandy Swearngin entered U.S. Postal Services (USPS) facility and met Post Master Robbie Steelman, presented my credentials and stated that I was there to do an inspection for a complaint. I provided him a copy of the complaint items. At around 4:17 pm that day, after CSHO began the inspection with

3

Postmaster Steelman, he handed his phone to me to speak with USPS Attorney, Deborah Levine. Ms. Levine indicated that she handled all heat issues for USPS and indicated that OSHA would not be permitted to enter the facility nor to follow, observe or monitor any Postal employee. We then ended the phone call, and afterward, Postmaster Steelman stated that I needed to leave.

11. The purpose of the inspection is to determine the continuing existence of hazardous conditions and to determine whether these conditions constitute violations of the Act and regulations.

12. Due to the nature of the complaint, the use of environmental sampling of the work area and/or personal sampling devices has been determined necessary to properly conduct the referenced health-related inspection. The use of environmental sampling of the work area and/or personal sampling devices is a scientifically accepted method of monitoring employee exposure to health hazards. The use of sampling devices by OSHA is a routine and commonly used method of ascertaining employer compliance with health provisions of the Act and applicable regulations, which OSHA has found to be both safe and effective.

Respectfully Submitted,

_____
SANDY SWEARNGIN
Compliance Safety and Health Officer
Occupational Safety and Health Administration
Oklahoma City Area Office

Sworn to before me and subscribed in my presence on 22nd day of Aug., 2022.

_____
UNITED STATES MAGISTRATE JUDGE

4